Bruce Levinson, Esq. (BL-0749)
Law Offices of Bruce Levinson
747 Third Avenue, 4th Floor
New York, New York, 10017-2803
Telephone: (212) 750-9898
Facsimile: (212) 750-2536
b.levinson@verizon.net

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **GIUMARRA INTERNATIONAL MARKETING, INC.**, a California corporation,<br><br>**Plaintiff,**<br><br>vs.<br><br>**ANA DISTRIBUTION, INC.**, a New York corporation, SUNG (SAM) G. KIM, MYONG K. KIM and OK T. KIM, individually,<br><br>**Defendants.** | CASE NO.:<br><br>CIVIL ACTION COMPLAINT |

COMES NOW Plaintiff, Giumarra International Marketing, Inc., and for its Complaint, respectfully states as follows:

<u>**THE PARTIES**</u>

1.   Plaintiff is Giumarra International Marketing, Inc. ("Giumarra"), a California corporation with its principal place of business located at 11220 Edison Highway, Edison, California.

2.   Plaintiff is engaged in the business of buying and selling wholesale

quantities of perishable agricultural commodities (hereafter "Produce") in interstate commerce.

   3.   Defendants are:

   a) ANA Distribution (the "Debtor" or "ANA"). Upon information and belief, ANA is a New York corporation with its principal place of business located at 735 Drake Street, Bronx, New York. Upon information and belief, the Debtor was and is at all times pertinent herein, a dealer and commission merchant subject to the provisions of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§499a-499t (the "PACA");

   b) Sung (Sam) G. Kim ("Sam Kim"), an individual. Upon information and belief, Sam Kim is the President of the Debtor and, in that capacity, controlled or was in a position to control the assets of the Debtor. Upon information and belief, Sam Kim is a resident of Rockland County, New York;

   c) Myong K. Kim ("Myong Kim"), an individual. Upon information and belief, Myong Kim is the Vice President of the Debtor and, in that capacity, controlled or was in a position to control the assets of the Debtor. Upon information and belief, Myong Kim is a resident of Rockland County, New York; and

   d) Ok T. Kim ("Ok Kim"), an individual. Upon information and belief,

Ok Kim is the Treasurer of the Debtor and, in that capacity, controlled or was in a position to control the assets of the Debtor. Upon information and belief, Ok Kim is a resident of Rockland County, New York.

4. ANA, Sam Kim, Myong Kim and Ok Kim will be collectively referred to as "Defendants." Sam Kim, Myong Kim and Ok Kim will be collectively referred to at times as the "Principals."

## JURISDICTION AND VENUE

5. The District Court has jurisdiction over this civil action arising under §5(c)(4) of the PACA, 7 U.S.C. §499e(c)(4), pursuant to 28 U.S.C. §1331. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. §1367(a).

6. Venue in this District is based on 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, and a substantial part of the property that is the subject of this action is situated in this district.

//
//
//
//
//

## CLAIMS FOR RELIEF

## COUNT I

## DEFENDANT ANA

### DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
*7 U.S.C. § §499e(c)(3) and (4)*

7.  Plaintiff re-alleges paragraphs 1 through 6 as if stated herein.

8.  At all times relevant to this action, ANA was a commission merchant, dealer or broker operating subject to the provisions of PACA.

9.  Between February 12, 2005 and March 23, 2005, Plaintiff sold to ANA in interstate commerce, and ANA purchased from Plaintiff, Produce in the total amount of $172,156.00.

10. Plaintiff delivered the Produce to ANA and ANA accepted the Produce from Plaintiff.

11. Pursuant to PACA, 7 U.S.C. §499e(c), at the time of ANA's receipt of the Produce, ANA became trustee of the PACA trust for the benefit of Plaintiff in the amount of $172,156.00.  The PACA trust consists of all ANA's inventories of Produce, food or products derived from Produce ("Products"), accounts receivable and other proceeds of the sale of Produce or Products, and assets commingled or purchased or otherwise acquired with proceeds of such Produce or Products (assets subject to the PACA Trust are hereinafter referred to as "PACA Trust Assets")

12. Plaintiff gave written notice of intent to preserve trust benefits to ANA

in accordance with the PACA Amendments of 1995 by including the statutory trust language, as set forth in 7 U.S.C. §499e(c)(4), on each of its invoices and by sending those invoices to ANA.

13. ANA failed to pay for the Produce despite Plaintiff's repeated demands.

14. Pursuant to PACA, 7 U.S.C. §499e(c), Plaintiff is an unpaid supplier and seller of Produce, and is entitled to PACA trust protection and payment from ANA's PACA Trust Assets.

15. Plaintiff seeks the entry of an Order declaring that it is a PACA trust beneficiary of ANA with a valid PACA trust claim in the amount of $172,156.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT II

### DEFENDANT ANA

**ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS**
*7 U.S.C. §499e(c)(5)*

16. Plaintiff re-alleges paragraphs 1 through 15 as if stated herein.

17. ANA is in possession, custody and control of PACA Trust Assets for the benefit of Plaintiff and other similarly situated PACA trust beneficiaries.

18. ANA failed to pay Plaintiff for the shipments of Produce listed above at paragraph 9 from the PACA Trust Assets.

19. As a direct result of ANA's failure to promptly pay Plaintiff, Plaintiff

suffered damages that are covered under the PACA trust in the amount of $172,156.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

20. Plaintiff seeks the entry of an Order directing ANA to immediately turn over to the Plaintiff, as a beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $172,156.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT III

## DEFENDANT ANA

### VIOLATION OF THE PACA: FAILURE TO MAINTAIN PACA TRUST ASSETS AND CREATION OF COMMON FUND
*7 U.S.C. §499b(4)*

21. Plaintiff re-alleges paragraphs 1 through 20 as if stated herein.

22. ANA received each of the shipments of Produce identified in paragraph 9 above.

23. Plaintiff properly preserved its trust benefits pursuant to 7 U.S.C. §499e(c)(4).

24. PACA requires ANA, as a PACA trustee, to hold its PACA Trust Assets in trust for the benefit of Plaintiff and all other unpaid suppliers of Produce until all such suppliers have received full payment.

25. ANA has failed to maintain sufficient trust assets to fully satisfy all qualified PACA trust claims including Plaintiff's asserted herein.

26. As a direct result of ANA's failure to properly maintain and protect the PACA Trust Assets from dissipation, Plaintiff has suffered damages which are covered under the PACA trust in the amount of $172,156.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

27. Plaintiff seeks entry of an Order creating a common fund from which all PACA trust beneficiaries may be paid by directing ANA to maintain PACA Trust Assets equal to the sum of $172,156.00, plus the claims of all other unpaid suppliers of Produce that properly preserved their PACA Trust claims, directing ANA to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining ANA from dissipating PACA Trust Assets.

## COUNT IV

### DEFENDANT ANA

<u>VIOLATION OF PACA: FAILURE TO PAY PROMPTLY</u>
*7 U.S.C. §499b(4)*

28. Plaintiff re-alleges paragraphs 1 through 27 as if stated herein.

29. ANA received each of the shipments of Produce identified in paragraph 9 above.

30. PACA requires all commission merchants, dealers, or brokers to make full payment promptly to its unpaid suppliers of Produce within the time set forth by 7 C.F.R. §46.2(aa).

31. ANA failed to pay these invoices within the payment terms.

32. As a direct result of ANA's failure to pay for each invoice within terms, the Plaintiff has incurred damages in the amount of $172,156.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

33. Plaintiff seeks entry of an Order directing ANA to immediately pay Plaintiff the sum of $172,156.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT V

## DEFENDANT ANA

## BREACH OF CONTRACT

34. Plaintiff re-alleges paragraphs 1 through 33 as if stated herein.

35. Plaintiff and ANA entered into contracts under which Plaintiff agreed to sell the Produce and ANA agreed to purchase the Produce, each of which is described in paragraph 9 above.

36. ANA breached its contracts with Plaintiff by failing to pay for each shipment of Produce.

37. As a direct result of ANA's breach of contract, Plaintiff has incurred damages in the amount of $172,156.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

38. Plaintiff seeks entry of an Order entering judgment in favor of Plaintiff and against ANA in the amount of $172,156.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT VI

## THE PRINCIPALS – SAM KIM, MYONG KIM AND OK KIM

## BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

39. Plaintiff re-alleges paragraphs 1 through 38 as if stated herein.

40. At all times relevant to this action, the Principals were officers, directors, shareholders or employees of ANA.

41. As the Principals of ANA, Sam Kim, Myong Kim and Ok Kim each had a duty to ensure that ANA fulfilled its duties as a PACA trustee, and maintain PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient trust assets available to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiff, as they became due.

42. The Principals had full knowledge and responsibility for the handling of ANA's duties as trustee of the PACA trust.

43. The Principals controlled or had a duty to control ANA's operations and financial dealings, including those involving the PACA Trust Assets.

44. ANA breached its fiduciary duty to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

45. The Principals breached their respective fiduciary duties to direct ANA to fulfill its duties as PACA trustee to preserve and maintain sufficient PACA Trust Assets to pay Plaintiff for the Produce supplied by it to ANA.

46. As a direct result of the Principals' respective breaches of fiduciary

duty, Plaintiff has incurred damages in the amount of $172,156.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

47.     The Principals are personally liable to Plaintiff for their respective breaches of their respective fiduciary duties in dissipating the PACA trust to the extent of $172,156.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

48.     Accordingly, Plaintiff seeks entry of an Order entering judgment in favor of Plaintiff and against the Principals -- jointly and severally -- in the amount of $172,156.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

## COUNT VII

### THE PRINCIPALS – SAM KIM, MYONG KIM AND OK KIM

### CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS

49.     Plaintiff re-alleges paragraphs 1 through 48 as if stated herein.

50.     Upon information and belief, ANA transferred PACA Trust Assets to one or more of the Principals.

51.     These transfers of PACA Trust Assets were made in breach of the PACA trust.

52.     The Principals continue to hold any and all PACA Trust Assets having come into their respective individual possession as trustees for Plaintiff's beneficial interest in the PACA Trust.

53. As a direct result of Principals' receipt and retention of PACA Trust Assets, Plaintiff has incurred damages in the amount of $172,156.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

54. Accordingly, Plaintiff seeks entry of an Order requiring the Principals to disgorge and transfer any and all PACA Trust Assets that come into their possession and control to Plaintiff to the extent of $172,156.00, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

## COUNT VIII

### THE PRINCIPALS – SAM KIM, MYONG KIM AND OK KIM

**FRAUDULENT TRANSFER**
**New York's Debtor and Creditor Law, N.Y. CLS Dr & Cr § 1, et. seq. (2007).**

55. Plaintiff re-alleges paragraphs 1 through 54 as if stated herein.

56. Upon information and belief, ANA transferred its assets to the Principals and to other unknown third parties.

57. These transfers were made after the claims of Plaintiff and other PACA trust beneficiaries arose.

58. These transfers were made to or for the benefit of insiders of ANA on antecedent debts and were made without consideration.

59. ANA was insolvent at the time of these transfers.

60. At the time of these transfers, the recipients had reasonable cause to believe that ANA was insolvent.

61. These transfers were fraudulent transfers as proscribed by New York's Uniform Fraudulent Transfers Act, New York's Debtor and Creditor Law, N.Y. CLS Dr & Cr § 1, et. seq. (2007).

62. Accordingly, Plaintiff seeks entry of an Order, as provided by N.Y. CLS Dr & Cr §273, avoiding the transfers, ordering the recipients to disgorge and transfer any and all such amounts to Plaintiff to the extent of $172,156.00, plus interest from the date each invoice became past due, costs, attorneys' fees, and awarding punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

**FOR THESE REASONS,** Plaintiff respectfully requests the entry of an Order providing as follows:

A. As to Count I, declaring that Plaintiff is a PACA trust beneficiary of ANA with a valid PACA trust claim in the amount of $172,156.00, plus interest from the date each invoice became past due, costs and attorneys' fees;

B. As to Count II, directing ANA to immediately turn over to the Plaintiff, as a beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $172,156.00, plus interest from the date each invoice became past due, costs and attorneys' fees;

C. As to Count III, directing ANA to maintain PACA Trust Assets equal to the sum of $172,156.00, plus the claims of all other unpaid suppliers of produce that properly preserved their PACA trust claims, enjoining ANA from dissipating PACA Trust Assets and directing ANA to

            replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims;

D.     As to Count IV, directing ANA to immediately pay Plaintiff the sum of $172,156.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

E.     Enter Final Judgment in favor of Plaintiff and against ANA on Counts I through V, in the amount of $172,156.00, plus interest from the date each invoice became past due, costs and attorneys' fees;

F.     As to Count VI, entering judgment in favor of Plaintiff and against the Principals -- jointly and severally -- in the amount of $172,156.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets;

G.     As to Count VII, requiring the Defendants to disgorge and transfer any and all PACA Trust Assets that came into their possession and control to Plaintiff in the amount of $172,156.00, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets;

H.     As to Count VIII, pursuant to N.Y. CLS Dr & Cr §273, avoiding the transfers and ordering the recipients to disgorge and transfer any and all such amounts to Plaintiff in the amount of $172,156.00, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets;

I.     Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

//

//

//

//

//

Respectfully submitted this <u>31st</u> day of May, 2007.

                                          **LAW OFFICES OF BRUCE LEVINSON**

OF COUNSEL:

**MEUERS LAW FIRM, P.L.**　　　　　　By:  /s/ Bruce Levinson
Steven E. Nurenberg, Esq.　　　　　　　　Bruce Levinson, Esq., Esq. (BL-0749)
Florida Bar No. 0808431　　　　　　　　　747 Third Avenue, 4th Floor
Steven M. De Falco, Esq.　　　　　　　　New York, New York 10017-2803
Florida Bar No. 0733571　　　　　　　　　Telephone: (212) 750-9898
5395 Park Central Court　　　　　　　　　Facsimile: (212) 750-2536
Naples, Florida  34109　　　　　　　　　　b.levinson@verizon.net
Telephone: (239) 513-9191
Facsimile: (239) 513-9677　　　　　　　　Attorneys for Plaintiff
snurenberg@meuerslawfirm.com
sdefalco@meuerslawfirm.com