SK3_Answer.doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

| | |
|---|---|
| | : |
| GIUMARRA INTERNATIONAL MARKETING, INC., | : |
| | : |
| Plaintiff, | : |
| -against- | : |
| | : |
| ANA DISTRIBUTION, INC. , a New York | : |
| Corporation, SUN (SAM) G. KIM, | : |
| MYONG K. KIM and OK T. KIM, individually, | : |
| | : |
| Defendants. | : |
| | : |

**ECF CASE**

**07 CV 4665 (PAC)**

<u>ANSWER</u>

(Jury Demand)

---------------------------------------------------------------------x

**Carl E. Person**, appearing on behalf of the Defendants, **Ana Distribution, Inc.** and

**Sung Gon Kim, sued herein as "Sun (Sam) G. Kim"** (hereinafter, the "Defendants"), respectfully

alleges as and for the Defendants' **Answer** to the Plaintiff's Complaint, that the Defendants:

1. DENY having knowledge or information sufficient to form a belief as to the truth or
falsity of the allegations in ¶ 1 of the duly Complaint.

2.. ADMIT each of the allegations in ¶ 2 of the Complaint.

3. DENY each of the allegations in ¶¶ 3(c) and 3(d) of the Complaint; ADMIT each of
the allegations in ¶¶ 3(a) and 3(b) of the Complaint, except that DENY that Ana is in business and
DENY that Ana's address is at 735 Drake Street, Bronx, New York.

4. DENY that Myong Kim and Ok Kim are properly defendants or principals; ADMIT
that Ana and Sam Kim are defendants, and that Sam Kim was a principal of Ana.

5. ADMIT each of the allegations in ¶ 5 of the Complaint.

6. ADMIT each of the allegations in ¶ 6 of the Complaint.

7. Defendants re-allege paragraphs 1 through 6 as if stated herein.

8.      ADMIT each of the allegations in ¶ 8 of the Complaint.

9.      ADMIT each of the allegations in ¶ 9 of the Complaint, except DENY having knowledge or information sufficient to form a belief as to the precise dollar amount of the produce sold to Ana. Ana has no more employees and the principal, Sam Kim, was not present at most of the deliveries, inspections and receipts of the produce at issue in this lawsuit.

10.     ADMIT each of the allegations in ¶ 10 of the Complaint.

11.     ADMIT each of the allegations in ¶ 11 of the Complaint, other than the implied condition that Plaintiff be a duly licensed PACA wholesaler and duly qualified to do business in New York. Defendants do not know if at all relevant times the Plaintiff was duly qualified to do business in New York.

12.     ADMIT each of the allegations in ¶ 12 of the Complaint, other than the implied condition that Plaintiff be a duly licensed PACA wholesaler and duly qualified to do business in New York.

13.     ADMIT each of the allegations in ¶ 13 of the Complaint.

14.     ADMIT each of the allegations in ' 14 of the Complaint, other than the implied condition that Plaintiff be a duly licensed PACA wholesaler and duly qualified to do business in New York.

15.     ADMIT each of the allegations in ¶ 15 of the Complaint, but based on the pleadings above DENY that there is a balance of $172,156 due and owing. The amount is less than that, upon information and belief. See paragraph 9 above.

16.     Defendants re-allege paragraphs 1 through 15 as if stated herein.

17.    ADMIT that any assets in possession, custody or control of PACA Trust Assets is for the benefit of various persons, but DENIES that all of the assets owed to Plaintiff are such PACA Trust Assets.

18.    ADMIT the substance of the allegations in paragraph 18 of the Complaint.

19.    ADMIT each of the allegations in ¶ 19 of the Complaint, but based on the pleadings above DENY that there is a balance of $172,156 due and owing. The amount is less than that, upon information and belief.

20.    DENY, based on the pleadings above, that there is a balance of $172,156 due and owing. The amount is less than that, upon information and belief.

21.    Defendants re-allege paragraphs 1 through 20 as if stated herein.

22.    ADMIT the substance of the allegations in paragraph 22 of the Complaint, but are not able to admit at this time that all identified shipments were received. See paragraph 9 above.

23.    ADMIT the substance of the allegations in paragraph 23 of the Complaint.

24.    ADMIT the substance of the allegations in paragraph 24 of the Complaint.

25.    ADMIT the substance of the allegations in paragraph 25 of the Complaint.

26.    ADMIT each of the allegations in ¶ 26 of the Complaint, but based on the pleadings above DENY that there is a balance of $172,156 due and owing. The amount is less than that, upon information and belief.

27.    ADMIT each of the factual allegations in ¶ 27 of the Complaint, but based on the pleadings above DENY that there is a balance of $172,156 due and owing. The amount is less than that, upon information and belief. Also, some of the funds have been expended for overhead. A small part has been paid for the benefit of Sam Kim.

28.    Defendants re-allege paragraphs 1 through 27 as if stated herein.

29.    ADMIT the substance of the allegations in paragraph 29 of the Complaint, but are not able to admit at this time that all identified shipments were received. See paragraph 9 above.

30.    ADMIT the substance of the allegations in paragraph 30 of the Complaint.

31.    ADMIT the substance of the allegations in paragraph 31 of the Complaint, but are not able to admit at this time that all identified shipments were received.

32.    ADMIT each of the allegations in ¶ 32 of the Complaint, but based on the pleadings above DENY that there is a balance of $172,156 due and owing. The amount is less than that, upon information and belief.

33.    ADMIT each of the factual allegations in ¶ 33 of the Complaint, but based on the pleadings above DENY that there is a balance of $172,156 due and owing. The amount is less than that, upon information and belief. Also, some of the funds have been expended for overhead.

34.    Defendants re-allege paragraphs 1 through 33 as if stated herein.

35.    ADMIT the substance of the allegations in paragraph 35 of the Complaint, but are not able to admit at this time that all identified shipments were received.

36.    ADMIT the substance of the allegations in paragraph 36 of the Complaint, but are not able to admit at this time that all identified shipments were received.

37.    ADMIT each of the allegations in ¶ 37 of the Complaint, but based on the pleadings above DENY that there is a balance of $172,156 due and owing. The amount is less than that, upon information and belief.

38.    ADMIT each of the factual allegations in ¶ 38 of the Complaint, but based on the pleadings above DENY that there is a balance of $172,156 due and owing. The amount is less than that, upon information and belief. Also, some of the funds have been expended for overhead.  A small part has been paid for the benefit of Sam Kim.

39.    Defendants re-allege paragraphs 1 through 38 as if stated herein.

40.    DENY each of the allegations in paragraph 40 of the Complaint, except ADMIT that Sam Kim was a Principal.

41.    ADMIT each of the allegations in paragraph 41 of the Complaint, except DENY that Myong Kim and Ok Kim were Principals.

42.    ADMIT each of the allegations in paragraph 42 of the Complaint, except DENY that Myong Kim and Ok Kim were Principals.

43.    ADMIT each of the allegations in paragraph 43 of the Complaint, except DENY that Myong Kim and Ok Kim were Principals.

44.    ADMIT each of the allegations in paragraph 44 of the Complaint, except DENY that Myong Kim and Ok Kim were Principals, and based on the pleadings above FURTHER DENY that there is a balance of $172,156 due and owing. The amount is less than that, upon information and belief.

45.    ADMIT each of the allegations in paragraph 45 of the Complaint, except DENY that Myong Kim and Ok Kim were Principals.

46.    ADMIT each of the allegations in paragraph 46 of the Complaint, except DENY that Myong Kim and Ok Kim were Principals, and based on the pleadings above FURTHER DENY that there is a balance of $172,156 due and owing. The amount is less than that, upon information and belief.

47.    ADMIT each of the allegations in ¶ 47 of the Complaint, but based on the pleadings above DENY that there is a balance of $172,156 due and owing. The amount is less than that, upon information and belief.

48.    ADMIT each of the factual allegations in ¶ 48 of the Complaint, but based on the pleadings above DENY that there is a balance of $172,156 due and owing. The amount is less than that, upon information and belief. Also, some of the funds have been expended for overhead.

49.    Defendants re-allege paragraphs 1 through 48 as if stated herein.

50.    DENY each of the allegations in paragraph 50 of the Complaint, except ADMIT that Sam Kim was a Principal and that some were used to pay business overhead expenses. A small part has been paid for the benefit of Sam Kim.

51.    ADMIT each of the factual allegations in ¶ 51 of the Complaint.

52.    ADMIT each of the factual allegations in ¶ 52 of the Complaint, that any PACA Trust Assets in the hands of a Principal are to be held in trust, but DENY having information sufficient to form a belief as to assets expended by Ana for overhead. A small part has been paid for the benefit of Sam Kim.

53.    ADMIT each of the allegations in ¶ 53 of the Complaint, but based on the pleadings above DENY that there is a balance of $172,156 due and owing. The amount is less than that, upon information and belief. See paragraph 9 above.

54.    ADMIT each of the factual allegations in ¶ 54 of the Complaint, but based on the pleadings above DENY that there is a balance of $172,156 due and owing. The amount is less than that, upon information and belief. Also, some of the funds have been expended for overhead. A small part has been paid for the benefit of Sam Kim.

55.    Defendants re-allege paragraphs 1 through 54 as if stated herein.

56.    DENY each of the allegations in ¶ 56 of the Complaint, but ADMIT that assets were used to pay overhead expenses of Ana. A small part has been paid for the benefit of Sam Kim.

57.    ADMIT each of the allegations in ¶ 57 of the Complaint.

58.    DENY each of the allegations in ¶ 58 of the Complaint, but ADMIT that assets were used to pay overhead expenses of Ana.  A small part has been paid for the benefit of Sam Kim.

59.    ADMIT each of the allegations in ¶ 59 of the Complaint, except DENY having knowledge or information sufficient to form a belief as to the truth or falsity that Ana was insolvent when all alleged transfers were taking place.

60.    ADMIT each of the allegations in ¶ 60 of the Complaint as to Sam Kim (and DENY as to the other alleged Principals), except DENY having knowledge or information sufficient to form a belief as to the truth or falsity that Ana was insolvent when all alleged transfers were taking place.

61.    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 61 of the Complaint, and calls for conclusions of law.

62.    ADMIT each of the factual allegations in ¶ 62 of the Complaint, but based on the pleadings above DENY that there is a balance of $172,156 due and owing. The amount is less than that, upon information and belief. Also, some of the funds have been expended for overhead.  A small part has been paid for the benefit of Sam Kim.

## DEFENSES

### First Defense - Failure to State a Claim

63.    The Plaintiff has failed to state a claim upon which any relief may be granted.

### Second - Not Qualified to do Business in New York

64.    Upon information and belief, based upon Plaintiff's failure to allege that it is duly qualified to do business in the State of New York, Defendants allege a defense that, at all relevant times, the Plaintiff is not and has not been qualified to do business in the State of New York.

**WHEREFORE**, the Defendants pray:

1.    For judgment dismissing the Plaintiff's claims to the extent alleged above;

2.    For costs; and

3.    For such other and further relief the Court deems just and proper.

### Jury Demand

Defendants hereby demand a trial by jury as to all issues properly triable to a jury pursuant

to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated:    New York, New York
          June 20, 2007

Carl E. Person   (CP  7637)
Attorney for the Defendants,
    Ana Distribution, Inc. and Sung Gon Kim
325 W. 45th Street - Suite 201
New York, New York 10036-3803
(212) 307-4444

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                    :
GIUMARRA INTERNATIONAL MARKETING, INC.,             :
                                                    :
                              Plaintiff,            :
              -against-                             :
                                                    :
ANA DISTRIBUTION, INC. , a New York                 :
Corporation, SUN (SAM) G. KIM,                      :
MYONG K. KIM and OK T. KIM, individually,           :
                                                    :
                              Defendants.           :
                                                    :
-------------------------------------------------------------------x

ECF CASE

07 CV 4665 (PAC)

**PROOF OF SERVICE**

I, **Carl E. Person**, an attorney duly authorized to practice in the State of New York, do hereby affirm that the following is true under the penalty of perjury pursuant to CPLR 2106:

I am not a party to this action, am over 18 years of age, and on June 20, 2007, I served a true copy of the foregoing

## ANSWER

dated June 20, 2007, on the attorneys for the Plaintiff, by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of said attorneys, as follows:

>           **Bruce Levinson, Esq.**
>           **Law Offices of Bruce Levinson**
>           **747 Third Avenue - 4th Floor**
>           **New York NY 10017-2803**

Dated: New York, New York
       June 20, 2007

                                   By _____
                                         Carl E. Person (CP 7637)

9