UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DEL MONTE FRESH PRODUCE N.A., INC.,
GIUMARRA INTERNATIONAL MARKETING,
INC., and PACIFIC FRUIT INC.,

                Plaintiffs,

     -against-

ANA DISTRIBUTION, INC. and SUNG "SAM" G. KIM,

                Defendants.
------------------------------------------------------------X

ECF CASE

07 Civ. 1887 (DC) (JCF)
(Consolidated)

**JOINT NOTICE OF MOTION**
**FOR SUMMARY JUDGMENT**

Upon the Findings of Fact and Conclusions of Law in the Preliminary Injunction issued on September 7, 2007, and attached hereto as Exhibit A, plaintiffs Del Monte Fresh Produce N.A., Inc. ("Del Monte"), Giumarra International Marketing, Inc. ("Giumarra"), and Pacific Fruit Inc. ("Pacific Fruit") respectfully move this Honorable Court to grant summary judgment in all respects against defendants Ana Distribution, Inc. ("Ana Distribution") and Sung "Sam" G. Kim ("Kim"), and to enter judgment jointly and severally against Ana Distribution and Kim for the principal amount of $537,289.40 plus Del Monte's accrued contractual prejudgment interest at 18% per year ($21,715.09) and Pacific Fruit's accrued statutory prejudgment interest pursuant to N.Y. C.P.L.R. § 5004 at 9% per year ($10,765.40) or **$569,769.89**. Defendants' opposition is due within thirty (30) days of this Notice, and plaintiffs' reply is due ten (10) days thereafter.

Giumarra reserves the right to recover accrued prejudgment interest, the amount of which will be provided in a supplemental filing to be submitted by September 28, 2007. Plaintiffs reserve any and all rights to recover interest, attorneys' fees and costs, and respectfully request leave to amend this Notice of Motion to include claims for additional interest, attorneys' fees and costs.

Dated: New York, New York
September 21, 2007

Respectfully submitted,

DEL MONTE FRESH PRODUCE N.A., INC.

By: _____
Mark A. Amendola
Ohio Bar I.D. No. 0042645
Admitted herein *pro hac vice*
**MARTYN AND ASSOCIATES**
820 Superior Ave., N.W., Tenth Floor
Cleveland, OH 44113
(216) 861-4700

Stephen M. Kasper (SK 9746)
230 Park Avenue, Suite 2525
New York, New York 10169
(212) 681-8680
Local Counsel

GIUMARRA INTERNATIONAL MARKETING, INC.

By: _____
Bruce Levinson (BL 0749)
**LAW OFFICES OF BRUCE LEVINSON**
747 Third Avenue
New York, New York 10017-2803
(212) 750-9898

PACIFIC FRUIT INC.

By: _____
John R. Keough, III (JK 6013)
Cody D. Constable (CC 6659)
**WAESCHE, SHEINBAUM & O'REGAN, P.C.**
111 Broadway, 4th Floor
New York, New York 10006
(212) 227-3550

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEL MONTE FRESH PRODUCE N.A., INC., PACIFIC FRUIT INC.; and GIUMARRA INTERNATIONAL MARKETING, INC.<br><br>Plaintiffs,<br><br>v.<br><br>ANA DISTRIBUTION, INC. and SUNG "SAM" G. KIM<br><br>Defendants. | ECF Case<br><br>CASE NO.   1:07-cv-01887-DC<br><br>Consolidated with:   1:07-cv-02555-DC<br>   1:07-cv-04665-DC<br><br>JUDGE CHIN |

## PRELIMINARY INJUNCTION

This matter came on for hearing before the Court on September 7, 2007, upon Plaintiffs' Motion for Preliminary Injunction, with notice to all parties and with a Temporary Restraining Order (Doc. No. 23) already in place. The Court heard oral argument of counsel.

### Findings of Fact and Conclusions of Law:

A) Defendants Ana Distribution, Inc. and Sung "Sam" G. Kim ("Defendants") are commission merchants, dealers, and/or brokers of wholesale quantities of perishable agricultural commodities ("produce") in interstate commerce and, as such, are subject to the Perishable Agricultural Commodities Act of 1930 ("PACA"), as Amended, 7 U.S.C. §499 *et seq*. and the Code of Federal Regulations promulgated thereunder.

B) Plaintiff Del Monte Fresh Produce N.A., Inc. ("Plaintiff Del Monte") sold on credit and delivered to Defendants perishable agricultural commodities in the amount of $208,647.00, through interstate and/or foreign commerce, which Defendants have received and accepted but for which they have failed to pay.

C) Plaintiff Pacific Fruit Inc. ("Plaintiff Pacific Fruit") sold on credit and delivered to Defendants perishable agricultural commodities in the amount of $156,486.40, through interstate and/or foreign commerce, which Defendants have received and accepted but for which they have failed to pay.

D) Plaintiff Giumarra International Marketing, Inc. ("Plaintiff Giumarra") sold on credit and delivered to Defendants perishable agricultural commodities in the amount of $172,156.00, through interstate and/or foreign commerce, which Defendants have received and accepted but for which they have failed to pay.

E) Plaintiffs properly preserved and perfected their interests in the PACA trust by including the requisite statutory language on the face of their billing invoices [7 U.S.C. §499(e)(c)4], and accordingly, are perfected PACA trust beneficiaries in the aggregate principal amount of $537,284.40. Plaintiffs have also asserted claims for interest and attorneys' fees.

F) The trust provisions of PACA establish a statutory, nonsegregated trust under which Defendants are required to hold all trust assets including inventory, proceeds, and accounts receivable from the sale of produce in trust for qualified beneficiaries until full payment is made. [7 U.S.C. §499(e)(c)2]

G) Commission merchants, dealers, and brokers such as Defendants are required to maintain trust assets in a manner such that liquid assets are freely available to satisfy outstanding obligations to unpaid sellers of perishable agricultural commodities [7 C.F.R. §46.46(d)]. Any act or omission which is inconsistent with this responsibility, including dissipation of trust assets, is unlawful and in violation of Section 2 of PACA. [7 U.S.C. §499(b).]

H) Plaintiffs have demonstrated that the trust has not been maintained, as insufficient trust assets are freely available to pay Plaintiffs. There is also evidence of Defendant Ana

Distribution, Inc.'s business closure which strongly favors entry of a preliminary injunction. As such, Plaintiffs have demonstrated a likelihood of success on the merits and that immediate, irreparable injury and loss has resulted and will continue to result from dissipation of assets subject to the statutory trust established by the PACA, 7 U.S.C. §499(e)(c). See also, Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990); Tanimura & Antle v. Packed Fresh Produce, Inc., 222 F.3d 132 (3rd Cir. 2000).

ACCORDINGLY, it is hereby ORDERED that Plaintiffs' Motion for a Preliminary Injunction is GRANTED as follows:

1. Defendants Ana Distribution, Inc. and Sung "Sam" G. Kim ("Defendants") and their officers, agents, servants, employees, assigns, subsidiaries, financial institutions, customers and attorneys, are all hereby restrained from transferring, dissipating, disbursing, liquidating, or encumbering any and all assets now in their possession and/or under their control covered by or subject to the PACA trust, as well as any and all monies and/or assets hereafter received, including but not limited to any and all accounts receivable, security deposits, refunds, inventory, equipment, leasehold interests, real property and/or bank or other accounts which have been funded, financed by, or purchased in whole or in part, directly or indirectly, from the proceeds of Defendants' sale of perishable agricultural commodities.

2. This Preliminary Injunction shall remain in full force and effect until such time as Defendants pay Plaintiffs, through counsel, or deposit for the benefit of Plaintiffs, into the Court's Registry or into a separate interest-bearing escrow account maintained by counsel for one or more Plaintiffs, the amount of $537,289.40, which sum represents Plaintiffs' aggregate principal claims, at which time this Preliminary Injunction shall dissolve.

3

3. Defendants are hereby restrained and enjoined from taking any further action whatsoever which violates 7 U.S.C. §499 *et seq.* and the Code of Federal Regulations promulgated thereunder.

4. Each Defendant shall within three (3) business days of the date of this Order serve a copy of this Order by overnight delivery or facsimile upon any and all financial institutions with which such Defendant maintains an account and furnish Plaintiffs' counsel with proof of such service.

5. Defendants shall within ~~three (3)~~ TEN (10) business days of the date of this Order, provide Plaintiffs' counsel with a complete and verified accounting of Defendants' business operations from the past twelve (12) months including, but not limited to, records, bank statements and tax returns concerning each Defendant's assets, bank accounts, accounts receivable, accounts payable, operating expenses, sales, and a list of all known PACA trust creditors.

6. Pursuant to Fed. R. Civ. P. 65(d), this Preliminary Injunction is jointly and severally binding upon the parties to this action, their officers, agents, servants, employees and attorneys, and upon those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise.

7. Any third party who receives actual notice of this order and is in receipt, possession, or control of Plaintiffs' PACA trust assets, is hereby ordered to turn over said assets to Plaintiffs' counsel, up to the sum of $537,289.40.

8. Considering Defendants are in possession of at least $537,289.40 in Plaintiffs' PACA trust assets, considering Defendants' business closure, and since PACA is a remedial statute, it is determined that no bond shall be required.

9. The attorneys for Plaintiffs are hereby authorized and directed to collect all outstanding accounts receivable of Defendants and transfer said collections in the Court's Registry or into a separate interest-bearing escrow account pursuant to paragraph two herein until Plaintiffs receive full payment, and that Defendants are required to fully cooperate with Plaintiffs' attorneys in providing any necessary testimony and/or documents to effect collection.*

This Preliminary Injunction shall remain in full force and effect until it expires on its own terms pursuant to paragraph two herein or until further Order of this Court.

**IT IS SO ORDERED.**

Dated: September 7, 2007
New York, New York

_____
DENNY CHIN
UNITED STATES DISTRICT JUDGE

*10. This order is without prejudice to the rights of any other legitimate PACA trust creditors which make application to this Court on or before November 7, 2007. Any claims made thereafter shall be time-barred.

11. This order is without prejudice to any application by defendant Kim regarding his personal assets not being subject to the PACA trust.

5