SK123_Notice_Motion_Withdraw.doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DEL MONTE FRESH PRODUCE NA, INC.,
GIUMARRA INTERNATIONAL MARKETING,
INC., and PACIFIC FRUIT INC.,

              Plaintiffs,

              -against-

ANA DISTRIBUTION, INC. and SUNG "SAM" G KIM,

              Defendants.
------------------------------------------------------------x

ECF CASE

07 Civ. 1887 (DC) (JCF)
(Consolidated)

## MEMORANDUM OF LAW IN SUPPORT OF ATTORNEY CARL E. PERSON'S MOTION TO WITHDRAW AS ATTORNEY FOR THE DEFENDANTS

      This memorandum of law is submitted in support of the motion by Attorney Carl E. Person for an Order granting attorney Carl E. Person

      (1) permission to withdraw as attorney for Defendants, Ana Distribution, Inc. and Sung "Sam" G. Kim and an order so relieving him as counsel;

      (2) an adjournment and/or stay of all proceedings to permit the Defendants to obtain other counsel; and

      (3) such other and further relief as the Court deems just and proper.

### STATEMENT OF FACTS

      In spite of my fee agreement with Defendants, I have not been getting paid for my services since the middle of May, 2007 (about 5 months ago). My clients currently owe me $5,142.40 as of October 7, 2007.

Defendants are not permitted by law and Court order to make any payments to me out of their assets, as of September 7, 2007, because all of such assets are being held in trust and/or by court order for payment to the Plaintiffs or other PACA creditors.

I am not financially able to put in the substantial amount of forthcoming required legal services without receiving compensation, paid on a timely basis.

I am not financially able to advance the considerable out-of-pocket expenses which may be needed to see the three consolidated actions through their end, including the substantial effort planned by the Plaintiffs to uncover any assets of the Defendants that may exist (although not to my knowledge) and the additional litigation to bring in an assignee and/or tenant of the Defendants relating to the lease agreement discussed at length in open court.

Because of the foregoing, I cannot effectively or professionally represent the Defendants any longer.

I am serving a copy of my moving papers on the Defendants, to their last-known address, as set forth in the accompanying proof of service.

## THE LAW

In *Green v. Gasparini*, 24 A.D.3d 505, 808 N.Y>S.2d 292 (2nd Dept. 2005), the Appellate Division reversed a lower court decision refusing to grant an attorney's motion to withdraw, stating:

> Under the facts of this case, the Supreme Court improvidently exercised its discretion in denying the appellant's motion for leave to withdraw as counsel for the plaintiff. A lawyer may withdraw from representing a client, if the client, by his or her conduct, "renders it unreasonably difficult for the lawyer to carry out employment effectively" (Code of Professional Responsibility DR 2-110[C][1][d] [22 NYCRR 1200.15(c)(1)(d) ] ). Here, the appellant demonstrated good cause in support of its motion for leave to withdraw as the plaintiff's counsel ( *see McCormack v. Kamalian*, 10 A.D.3d 679, 781 N.Y.S.2d 743; *Walker v. Mount Vernon Hosp.*, 5 A.D.3d 590, 772 N.Y.S.2d 832; *Bok v. Werner*, 9 A.D.3d 318, 780 N.Y.S.2d 332; *Tartaglione v. Tiffany*, 280 A.D.2d 543, 720 N.Y.S.2d 404). Accordingly, the motion should have been granted.

Non-payment of legal fees is an appropriate basis for granting an attorney's motion to withdraw as counsel. *Wilcox v. Kraus*, 267 A.D.2d 563, 698 N.Y.S.2d 572 (3rd Dept. 1999) (one of two reasons); *Charney v. North Jersey Trading Corp.*, 150 Misc.2d 849, 578 N.Y.S.2d 100 (Sup. Ct., N.Y. Co., 1991); *Statue of Liberty--Ellis Island Foundation, Inc. v. International United Industries, Inc.*, 110 F.R.D. 395 (S.D.N.Y. 1986) (one of two reasons); and *McGuire v. Wilson*, 735 Fed. Supp. 83 (S.D.N.Y. 1990) (one of two reasons).

In *Green v. Gasparini*, 24 A.D.3d 505, 808 N.Y.S.2d 292 (2nd Dept. 2005), the Appellate Division reversed a lower court decision refusing to grant an attorney's motion to withdraw, stating:

> Under the facts of this case, the Supreme Court improvidently exercised its discretion in denying the appellant's motion for leave to withdraw as counsel for the plaintiff. A lawyer may withdraw from representing a client, if the client, by his or her conduct, "renders it unreasonably difficult for the lawyer to carry out employment effectively" (Code of Professional Responsibility DR 2-110[C][1][d] [22 NYCRR 1200.15(c)(1)(d) ] ). Here, the appellant demonstrated good cause in support of its motion for leave to withdraw as the plaintiff's counsel ( *see McCormack v. Kamalian*, 10 A.D.3d 679, 781 N.Y.S.2d 743; *Walker v. Mount Vernon Hosp.*, 5 A.D.3d 590, 772 N.Y.S.2d 832; *Bok v. Werner*, 9 A.D.3d 318, 780 N.Y.S.2d 332; *Tartaglione v. Tiffany*, 280 A.D.2d 543, 720 N.Y.S.2d 404). Accordingly, the motion should have been granted.

The Defendants, through their inability (by Court order) or unwillingness (through borrowing or other use of non-PACA assets) to pay my outstanding legal bills, have made it unreasonably difficult for me to carry out my employment, and to do so effectively.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully requests that his motion be granted in its entirety.

Dated:   New York, New York
         October 10, 2007

                                         _____
                                         Carl E. Person   (CP 7637)
                                         **Withdrawing Attorney for Defendants,**
                                           Ana Distribution, Inc. and Sung G. Kim
                                         325 W. 45th Street - Suite 201
                                         New York, New York 10036-3803
                                         (212) 307-4444

## CERTIFICATE OF SERVICE

Carl E. Person hereby declares, pursuant to the penalties of perjury under 28 U.S.C. § 1746, that the following statements are true and correct:

I am not a party to this action, am over 18 years of age, and on October 11, 2007, I served a true copy of the foregoing

**MEMORANDUM OF LAW IN SUPPORT OF
ATTORNEY CARL E. PERSON'S MOTION TO
WITHDRAW AS ATTORNEY FOR THE DEFENDANTS**

dated October 10, 2007 (the "Document") on the attorneys for each of the Defendants by ECF filing of the Documents; and on the Defendants Ana Distribution, Inc. and Sung G. Kim by mailing a copy of the Document to the addresses below:

Ana Distribution, Inc.
c/o Sam G. Kim, President
4 Valenza Lane
Blauvelt NY 10913

Sam G. Kim, President
4 Valenza Lane
Blauvelt NY 10913

and on October 10, 2007 by emailing a copy of the Document to the Plaintiffs' respective attorneys at the following email addresses: mamendola@martynlawfirm.com; kasper@biznesslaw.com; b.levinson@verizon.net; c.constable@waeschelaw.com; j.keough@waeschelaw.com.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in New York, New York on October 10, 2007.

_____
Carl E. Person

4