Bruce Levinson, Esq. (BL-0749)
Law Offices of Bruce Levinson
747 Third Avenue, 4th Floor
New York, New York, 10017-2803
Telephone: (212) 750-9898
Facsimile: (212) 750-2536
b.levinson@verizon.net

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **DEL MONTE FRESH PRODUCE N.A., INC., GIUMARRA INTERNATIONAL MARKETING, INC., and PACIFIC FRUIT, INC.**,<br><br>**Plaintiffs,**<br><br>vs.<br><br>**ANA DISTRIBUTION, INC., a New York corporation, and SUNG (SAM) G. KIM,**<br><br>**Defendants.** | CASE NO.: 1:07-cv-01887-DC<br><br>(consolidated)<br><br>JUDGE CHIN |

### ORDER FOR JUDGMENT AGAINST DEFENDANTS ANA DISTRIBUTION, INC. AND SUNG G. KIM

THIS MATTER having come before the Court on Plaintiffs' Motion for Summary Judgment [Docket No. 29] against Defendants, Ana Distribution, Inc. and Sung G. Kim (collectively, "Defendants"), and the Court having heard oral argument of the parties on October 19, 2007, Summary Judgment was granted [Docket No. 36]. In furtherance thereof, the Court has received and reviewed

Plaintiff Giumarra International Marketing, Inc.'s Declaration of counsel in support of interest, fees and costs.

NOW THEREFORE, it appearing that entry of final judgment is appropriate, it is hereby

**ORDERED AND ADJUDICATED:**

1. That Plaintiff Giumarra International Marketing, Inc. ("Giumarra") is a valid trust beneficiary under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c), against Defendants, ANA Distribution, Inc. and Sung (Sam) G. Kim in the principal amount of $172,156.00, plus contractual pre-judgment interest at the rate of 1.5% per month (18% per annum) from the due date of each unpaid invoice, plus contractual attorneys' fees and costs as more fully set forth below.

2. Judgment is hereby entered in favor of Giumarra and against Defendants, jointly and severally, in the principal amount of $172,156.00, plus contractual pre-judgment interest of $81,238.78, calculated from the due date of each unpaid invoice, plus contractual attorneys fees of $_____ and costs of $_____, for a total Judgment amount of $_____.

3. Post-judgment interest shall accrue on this Judgment pursuant to 28 U.S.C. §1961 at the current rate of 4.14% per annum from the entry date of this Judgment until paid in full.

4.  In accordance with previous orders of Court, Defendants and their officers, agents, servants, employees, assigns, financial institutions, and attorneys, are all hereby restrained from dissipating, disbursing, liquidating, or encumbering any and all assets, funds, monies and/or unliquidated interests of any type whatsoever now in their possession and/or under their control, as well as any and all assets, funds and/or monies hereafter received, including any and all accounts receivable, inventory, equipment, real property interests, any and all depository/operating accounts with any and all financial institutions, and any and all assets and income whatsoever derived from the proceeds from the sale of perishable agricultural commodities.

5.  All of Defendants' cash, inventory, accounts receivable, and all other assets and income sources derived from the proceeds of the sale of perishable agricultural commodities are hereby impressed with an equitable lien in enforcement of the PACA trust pursuant to 7 U.S.C. §499e(c)(2).

6.  Defendants and their officers, agents, servants, employees, assigns, financial institutions and attorneys are hereby ordered to turn over to counsel for Del Monte Fresh Produce N.A., Inc. at Martyn and Associates, 820 Superior Avenue, N.W., Tenth Floor, Cleveland, Ohio 44113, for pro-rata distribution to all Plaintiffs herein, all PACA trust assets in their possession to the extent that all Plaintiffs herein are paid in full as required by 7 U.S.C. §499e(c)(2).

7. Because Giumarra's claims are for defalcation and breach of fiduciary duty as trustees of the PACA trust, this Judgment is non-dischargeable in any subsequent bankruptcy filed by Defendants pursuant to 11 U.S.C. §523(a)(4).

8. The Court directs entry of Judgment against Defendants as provided in Rule 54(b) Fed.R.Civ.P.  Plaintiff, Giumarra, is not a party to any pending counterclaims or cross claims in this Court, and therefore the rights between Giumarra and Defendants cannot be affected by the continued proceeding among/between any other parties.  Accordingly, there is no just reason for delay in entering a Final Judgment in favor of the PACA trust beneficiary.

**IT IS SO ORDERED.**

Dated: _____       _____
           New York, New York            HON. DENNY CHIN
                                         UNITED STATES DISTRICT JUDGE