UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/5/07

DEL MONTE FRESH PRODUCE N.A., INC., )
GIUMARRA INTERNATIONAL )
MARKETING, INC., and PACIFIC FRUIT INC, )   CASE NO. 1:07-cv-01887-DC
) (lead case)
Plaintiffs, )
)
v. ) JUDGE CHIN
)
ANA DISTRIBUTION, INC. and )
SUNG "SAM" G. KIM )
)
Defendants. )

### FINAL JUDGMENT FOR PLAINTIFF DEL MONTE FRESH PRODUCE N.A., INC. AGAINST DEFENDANTS ANA DISTRIBUTION, INC. AND SUNG G. KIM

This matter came before the Court on Plaintiffs' Joint Motion for Summary Judgment (Doc. No. 29) against Defendants Ana Distribution, Inc. and Sung G. Kim (collectively, "Defendants"). Following a hearing on the Motion on October 19, 2007, and with all counsel present, the Court granted Plaintiffs' Joint Motion awarding all relief requested (Doc. No. 36). It is appropriate now for the Court to enter final judgment on all counts in the Complaints. The Court has received and reviewed Plaintiff's counsel's Declaration in support of interest, fees and costs. Therefore it is

**HEREBY ORDERED AND ADJUDICATED:**

1.  Plaintiff Del Monte Fresh Produce N.A., Inc. ("Plaintiff") herein is a perfected trust beneficiary under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c), against Defendants for trust claims in the principal amount of $208,647.00, plus express contractual pre-judgment interest at the rate of 1.5% per month (18% per annum) from the due date of each unpaid invoice, plus express contractual attorneys fees and costs as more fully set forth below.

2. Judgment is hereby entered in favor of Plaintiff and against Defendants, jointly and severally, in the principal amount of $208,647.00, plus contractual pre-judgment interest of $24,275.73 calculated from the due date of each unpaid invoice, plus contractual attorneys fees of $ 29,116 25/xx and costs of $ 6224 08/xx, for a total Judgment amount of $ 268,263 06/xx.

3. Post-judgment interest shall accrue on this Judgment pursuant to 28 U.S.C. §1961 at the current rate of 4.14% per annum from the entry date of this Judgment until paid in full.

4. In accordance with previous orders of Court which remain in place, Defendants and their officers, agents, servants, employees, assigns, financial institutions, and attorneys, are all hereby restrained from dissipating, disbursing, liquidating, or encumbering any and all assets, funds, monies and/or unliquidated interests of any type whatsoever now in their possession and/or under their control, as well as any and all assets, funds and/or monies hereafter received, including any and all accounts receivable, inventory, equipment, real property interests, any and all depository/operating accounts with any and all financial institutions, and any and all assets and income whatsoever derived from the proceeds from the sale of perishable agricultural commodities.

5. All of Defendants' cash, inventory, accounts receivable, and all other assets and income sources derived from the proceeds from the sale of perishable agricultural commodities are all hereby impressed with an equitable lien in enforcement of the PACA trust pursuant to 7 U.S.C. §499(e)(c)2.

6. Defendants and their officers, agents, servants, employees, assigns, financial institutions and attorneys are hereby ordered to turn over to Plaintiff's counsel at Martyn and Associates, 820 Superior Avenue, N.W., Tenth Floor, Cleveland, Ohio 44113, for pro-rata

distribution to all Plaintiffs herein, all PACA trust assets in their possession to the extent that all Plaintiffs herein are paid in full as required by 7 U.S.C. §499(e)(c)2.

7. Because Plaintiff's claims are for defalcation and breach of fiduciary duty as trustees of the PACA trust, this Judgment is non-dischargeable in any subsequent bankruptcy proceeding filed by Defendants pursuant to 11 U.S.C. §523(a)(4).

8. The Court hereby enters this final Judgment against Defendants, jointly and severally, as provided in Fed. R. Civ. P. 54(b). Plaintiff is not a party to any pending counterclaims or cross claims in this Court, and therefore the rights between Plaintiff and Defendants cannot be affected by any continued proceeding among/between any other parties. Accordingly, there is no just reason for delay in entering this final Judgment for which sums let execution issue.

**IT IS SO ORDERED.**

Dated: New York, New York
       October _____, 2007

DENNY CHIN
UNITED STATES DISTRICT JUDGE

12/5/07

3