UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DEL MONTE FRESH PRODUCE N.A., INC.,
GIUMARRA INTERNATIONAL MARKETING,
INC., and PACIFIC FRUIT INC.,

                Plaintiffs,

-against-

ANA DISTRIBUTION, INC. and SUNG "SAM"
G. KIM,

                Defendants.
------------------------------------------------------------X

ECF

07 Civ. 1887 (DC) (JCF)
(Consolidated)

**PROPOSED FINAL JUDGMENT IN FAVOR OF PLAINTIFF PACIFIC FRUIT INC. AND AGAINST DEFENDANTS ANA DISTRIBUTION, INC. AND SUNG G. KIM**

WHEREAS, this matter came before the Court on Plaintiffs' Motion for Summary Judgment against Defendants Ana Distribution, Inc. and Sung G. "Sam" Kim (collectively "Defendants"), and

WHEREAS, following a hearing on the Motion on October 19, 2007, and with all counsel present, the Court granted Plaintiffs' Motion awarding all relief requested, and

WHEREAS, the Court has received and reviewed the Declaration of Counsel for Plaintiff Pacific Fruit Inc. in support of interest, fees and costs, it is therefore

**HEREBY ORDERED AND ADJUDICATED:**

1.     Plaintiff Pacific Fruit Inc. ("Pacific Fruit") is a perfected trust beneficiary under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c), against Defendants for trust claims in the principal amount of $156,486.40, plus interest and contractual attorneys' fees and costs as more fully set forth below.

2.     Judgment is hereby entered in favor of Pacific Fruit and against Defendants jointly and severally in the principal amount of $156,486.40, plus accrued statutory prejudgment interest pursuant to N.Y. C.P.L.R. § 5004 at 9% per annum ($12,113.65 accrued up

(of $30,000 —) *

to and including October 26, 2007 ~~and $38.56 per day thereafter~~), and contractual attorneys' fees and costs in the sum of $ 2868.60/xx, for a total judgment amount of $ 201,468.65/xx, DC

3. Post-judgment interest shall accrue on this Judgment pursuant to 28 U.S.C. §1961 at the current rate of 4.14% per annum from the entry date of this Judgment until paid in full.

4. In accordance with previous orders of this Court, Defendants and their officers, agents, servants, employees, assigns, financial institutions, and attorneys, are all hereby restrained from dissipating, disbursing, liquidating, or encumbering any and all assets, funds, monies and/or unliquidated interests of any type whatsoever now in their possession and/or under their control, as well as any and all assets, funds and/or monies hereafter received, including any and all accounts receivable, inventory, equipment, real property interests, any and all accounts with any and all financial institutions, and any and all assets and income whatsoever derived from the proceeds from the sale of perishable agricultural commodities.

5. All of Defendants' cash, inventory, accounts receivable, and all other assets and income sources derived from the proceeds from the sale of perishable commodities are all hereby impressed with an equitable lien in enforcement of the PACA trust pursuant to 7 U.S.C. §499(e)(c)2.

6. Defendants and their officers, agents, servants, employees, assigns, financial institutions and attorneys are hereby ordered to turn over to Martyn and Associates, 820 Superior Avenue, N.W., Tenth Floor, Cleveland, Ohio 44113, for pro rata distribution to all Plaintiffs herein, all PACA trust assets in their possession until all Plaintiffs herein are paid in full as required by 7 U.S.C. §499(e)(c)2.

2

* Taking into account the amounts requested by the other plaintiffs, the Court awards $30,000. DC

7. Because Pacific Fruit has a valid claim for Defendants' defalcation and breach of fiduciary duty as trustees of the PACA trust, this Judgment is, pursuant to 11 U.S.C. § 523(a)(4), non-dischargeable in any subsequent bankruptcy filed by either or both Defendants.

8. The Court hereby enters this final Judgment in favor of Pacific Fruit and against Defendants as provided in Fed. R. Civ. P. 54(b). Pacific Fruit is not a party to any pending counterclaims or cross claims in this Court, and therefore the rights between Pacific Fruit and Defendants cannot be affected by the continued proceeding among/between any other parties. Accordingly, there is no just reason for delay in entering this final Judgment for which sums let execution issue.

**IT IS SO ORDERED.**

Dated: 12/5/07
New York, New York

DENNY CHIN
UNITED STATES DISTRICT JUDGE

3